**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4591**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

VICTOR MENDOZA-MONTIEL,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:09-cr-00126-f-4)

Submitted:  September 25, 2012       Decided:  October 12, 2012

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Dhamian A. Blue, BLUE STEPHENS & FELLERS LLP, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Mendoza-Montiel pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 846 (2006), and possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), (2) (2006). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no appealable issues. Mendoza-Montiel was given the opportunity to file a pro se supplemental brief, but did not do so. The Government did not file a brief, but did file a motion to dismiss the appeal based upon Mendoza-Montiel's agreement to waive his right to appeal his sentence. We affirm in part and dismiss in part.

Mendoza-Montiel entered into a plea agreement in which he agreed to:

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing[.]

A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance

2

with Rule 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law this Court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the Government seeks to enforce an appeal waiver and there is no claim that the Government breached its obligations under the plea agreement, this Court will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal, and (2) the issue being appealed is within the scope of the waiver. Id. at 168 & n.5.

Upon our review of the record, we conclude that Mendoza-Montiel voluntarily and knowingly agreed to waive his right to appeal his sentence, which was confirmed during the Rule 11 hearing. We further conclude that there are no meritorious issues concerning the sentence that fall outside the scope of the appeal waiver. Because the Government seeks to enforce the waiver, we dismiss that part of the appeal from the sentence.

Because Mendoza-Montiel did not waive his right to appeal his convictions, we have reviewed the record and the Rule 11 proceeding and find no meritorious issues for appeal concerning his two convictions. Accordingly, we affirm the convictions.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal concerning the convictions. Accordingly, we grant the Government's motion to dismiss and dismiss in part and affirm in part. We deny counsel's motion to withdraw at this time. This court requires that counsel inform Mendoza-Montiel in writing of his right to petition the Supreme Court of the United States for further review. If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mendoza-Montiel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>